NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YVES RONALD MARC, AKA Robert
Queen, AKA Ronald Smith,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 16-73283

Agency No. A035-157-142

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Yves Ronald Marc, a native and citizen of Haiti, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2). Accordingly, Marc's request
for oral argument is denied.

under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determinations. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in determining Marc's conviction for conspiracy to illegally acquire firearms under 18 U.S.C. §§ 371, 922(a)(6), 924(a)(1)(A) was a particularly serious crime barring him from eligibility for withholding of removal, where it applied the appropriate factors to weigh the seriousness of the crime in a case-specific inquiry. *See Avendano-Hernandez*, 800 F.3d at 1077 (The court's review "is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion." (internal quotation marks omitted)). Contrary to Marc's contention, the BIA did not misconstrue his conviction as involving the sale of firearms, where, in its consideration of the facts and circumstances of the conviction, it noted that the ultimate purpose of the scheme was to sell the weapons.

Substantial evidence supports the agency's adverse credibility determination, where Marc's testimony relating to his claim of past harm conflicted with documentary evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1046-48 (9th Cir. 2010) (adverse credibility determination supported under the

totality of the circumstances). The record does not support Marc's contentions that the agency ignored evidence or arguments, or that it failed to provide sufficient reasoning. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Because the credibility determination is supported, substantial evidence supports the agency's denial of CAT relief, where Marc failed to show it was more likely than not that he would be tortured in Haiti. *See* 8 C.F.R. §§ 1208.18(a)(1), 208.16(c)(2). We reject Marc's contention that our holding in *Ridore v. Holder*, 696 F.3d 907 (9th Cir. 2012), requires us to conclude otherwise.

**PETITION FOR REVIEW DENIED.**